**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 0 8 2020

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS   JAMES W. McCORMACK, CLERK
CENTRAL DIVISION            By: _____
                                                    DEP CLERK

**CHESTER WRIGHT, Each Individually and**                          **PLAINTIFF**
**on Behalf of All Others Similarly Situated**   This case assigned to District Judge _Miller_
                                                 and to Magistrate Judge _Harris_

vs.                              No. 4:20-cv-_388_ - _BSM_

**LANXESS CORPORATION**                                            **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Chester Wright ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Tess Bradford and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Lanxess Corporation ("Defendant"), he does hereby state and allege as follows:

### I.   JURISDICTION AND VENUE

1.   Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and the others proper overtime compensation for all hours worked.

2.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.     Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

4.     Defendant is a specialty chemicals company that conducts business within the State of Arkansas

5.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

6.     Plaintiffs were employed by Defendant at one of its plants located in the Central Division of the Eastern District of Arkansas.

7.     The acts alleged in this Complaint had their principal effect within the Central Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.     THE PARTIES

8.     Plaintiff is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

9.     Defendant is a foreign, for-profit corporation, registered to do business in Arkansas.

10. Defendant's registered agent for service in Arkansas is Corporation Service Company, at 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

11. Defendant maintains a website at http://lanxess.us/home/.

### III.    FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

13. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

14. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

15. At all times material herein, Defendant was an "employer" of Plaintiff and others within the meaning of the FLSA and the AMWA.

16. Defendant owns and operates plants throughout the world, including the rubber fabrication plant located in Little Rock at which Plaintiff is employed.

17. At all times material herein, Plaintiff and the others have been entitled to the rights, protections and benefits provided under the FLSA.

18.     At all times material herein, Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA and paid them a salary.

19.     Defendant employed Plaintiff as an hourly employee from February of 2016 until the present.

20.     At all relevant times herein, Defendant directly hired Plaintiff and similarly situated employees to work at its facilities, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

21.     Plaintiff worked for Defendant as a fabrication cutter in Defendant's rubber production plant.

22.     Defendant classified Plaintiff and similarly situated employees as nonexempt from the overtime provisions of the FLSA and paid them an hourly wage.

23.     Plaintiff and similarly situated employees regularly worked in excess of forty (40) hours per week while working for Defendant.

24.     In addition to their regular pay, Plaintiff and the others received periodic bonuses based on criteria such as how many accidents occurred in their plant that quarter and the plant's scrap rate for that quarter.

25.     These bonuses were a form of compensation to Plaintiff and similarly situated employees.

26.     During weeks in which Plaintiff and similarly situated employees worked over forty (40) hours, Defendant paid an improper overtime rate because

Defendant failed to include the value of the bonuses that Defendant provided to Plaintiffs and similarly situated employees when calculating their overtime rate.

27.     Section 778.208 of Title 29 of the CFR requires that all forms of compensation, such as bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

28.     Therefore, Defendant violated the FLSA by not including all forms of compensation, such as bonuses, in the regular rate when calculating Plaintiff's and similarly situated employees' overtime pay.

29.     Upon information and belief, Defendant's bonus policy was the same at all of its locations.

30.     At all relevant times herein, Defendant has deprived Plaintiff and similarly situated employees of proper overtime compensation for all of the hours worked over forty (40) per week.

31.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## IV.     REPRESENTATIVE ACTION ALLEGATIONS

32.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

33.     Plaintiffs bring their FLSA claim on behalf of all other non-exempt employees who received a bonus and were employed by Defendant at any time within the applicable statute of limitations period, and who are entitled to payment of the following types of damages:

A.      Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a week;

B.      Liquidated damages; and

C.      Attorney's fees and costs

47.     Plaintiffs propose the following collective under the FLSA:

**All hourly employees in the past three years who earned a bonus in connection with work performed any week in which they worked over forty hours.**

48.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

49.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

50.     The proposed FLSA collective members are similarly situated in that they share these traits:

A.      They were classified by Defendant nonexempt from the overtime requirements of the FLSA;

B.      They received a bonus;

C.      They worked over forty (40) hours in at least one week which related to a bonus received; and

D.      They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per week.

51.    Plaintiff is unable to state the exact number of the class but believe that there are at least one hundred (100) other employees who received an improperly calculated overtime rate due to bonuses.

52.    Defendant can readily identify the members of the Section 16(b) class which encompasses all employees who received a bonus and worked over forty hours in any week within the past three years.

53.    The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## V.    FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

54.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

55.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

56.    29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

57.    Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA.

58.   Defendant violated 29 U.S.C. § 207 by not paying Plaintiff a proper overtime rate for all hours worked in excess of forty (40) per week.

59.   Defendant violated Section 778.208 of Title 29 of the CFR by not including all forms of compensation, including nondiscretionary bonuses, for Plaintiff in his regular rate when calculating his overtime pay.

60.   Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

61.   By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

62.   Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

63.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

64.   Plaintiff brings this collective action on behalf of himself and all other employees who were employed by Defendant and received a nondiscretionary bonus, to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for overtime compensation for all the hours they worked in excess of forty (40) each week.

65.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

66.     Defendant violated Section 778.208 of Title 29 of the CFR by not including all forms of compensation, such as nondiscretionary bonuses, given to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

67.     Upon information and belief, Plaintiff and all or almost all employees who received bonuses regularly worked more than forty (40) hours in a week.

68.     Upon information and belief, Defendant failed to pay these workers at the proper overtime rate.

69.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

70.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

71.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided for by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

72.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

73.     Plaintiff asserts these claims for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

74.     At all times relevant to this Complaint, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

75.     AMWA Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

76.     At all times relevant to this Complaint, Defendant failed to pay Plaintiff a proper overtime premium as required under the AMWA.

77.     Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

78.     Defendant's failure to pay proper overtime wages was willful.

79.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Chester Wright, individually on behalf of all others similarly situated, respectfully prays as follows:

A.  That Defendant be summoned to appear and answer this Complaint;

B.  A declaratory judgment that Defendant's practices alleged herein violate the FLSA and the AMWA;

C.  Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and the AMWA;

D.  Judgment for liquidated damages under the FLSA and the AMWA;

E.  For a reasonable attorney's fee, costs, and interest; and

F.  Such other relief as this Court may deem just and proper.

Respectfully submitted,

**CHESTER WRIGHT, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Tess Bradford
Ark. Bar No. 2017156
tess@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHESTER WRIGHT, Each Individually and**                                              **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                                               No. 4:20-cv-____

**LANXESS CORPORATION**                                                    **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Lanxess Corporation within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for miscalculated overtime wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.



**CHESTER WRIGHT**
April 8, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**